UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                    :
ROOSEVELT DUANE WILKINS,           :         CASE NO. 1:13-CV-00274
                                                    :
          Plaintiff,                             :
                                                    :
  v.                                            :         OPINION & ORDER
                                                    :         [Resolving Docs. 9, 36]
BEST BUY CO., INC., *et al.*,                :
                                                    :
          Defendants.                         :
                                                    :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Roosevelt Duane Wilkins worked for more than seven years at Defendant Best Buy Co., Inc. Best Buy fired him for allegedly looking at pornography while at work on Best Buy's equipment. Wilkins has sued Best Buy and two unnamed individual defendants. Best Buy has moved for summary judgment. For the reasons that follow, the Court **GRANTS** Best Buy's motion for summary judgment.[1] The Court, therefore, **DENIES AS MOOT** Best Buy's motion to dismiss.[2] The Court also **DISMISSES** the John/Jane Doe defendants for failure to serve process.

**I. Factual and Procedural Background**

Plaintiff Wilkins, an African-American male, worked at Defendant Best Buy for seven years.[3] He was a part-time employee without a written contract.[4] He signed at least three forms indicating that he either was an at-will employee or could be fired at any time with or without cause.[5]

---

[1] Doc. 36.
[2] Doc. 9.
[3] Doc. 36-1, Wilkins Dep. at 14.
[4] *Id.* at 14, 29-31.
[5] *Id.* at Exs. 1-3.

Case No. 1:13-cv-00274
Gwin, J.

Wilkins says he was happy working at Best Buy and would have remained there.[6]

Although Wilkins personally heard no race-based comments, someone told him that a fellow employee had used a racially-charged word.[7] He reported the employee, and Best Buy investigated and discharged the employee who used the word.[8]

In August 2010, two employees say they saw Wilkins viewing pornography on a computer in the store.[9] When store management discovered this, it began an investigation using a third-party human resources group.[10] The human resources group received written statements from the two employees and Wilkins and also interviewed Wilkins over the phone.[11] The human resources group did not know Wilkins' race.[12] The human resources group recommended that Wilkins be fired for violating Best Buy policy on computer use, and in January 2011, Best Buy fired Wilkins.[13] Wilkins does not know of any communications from Best Buy that have impacted his job search, and he has not learned of Best Buy saying anything untrue about him to anyone.[14]

Wilkins sued Best Buy and two unnamed defendants claiming 1) wrongful termination; 2) racial discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, and Ohio Revised Code Chapter 4112; 3) breach of contract; 4) promissory estoppel; 5) a hostile work environment, also presumably under Title VII and Chapter 4112; 6) intentional infliction of

---

[6] *Id.* at 14.
[7] *Id.* at 14, 61-62.
[8] *Id.* at 61-62; Doc. 36-3, Lorenzi Decl. at ¶ 3.
[9] Doc. 36-4, Weeks Dep. at 45; Doc. 36-2, Reeves Dep. at 44-46.
[10] Doc. 36-3, Lorenzi Decl. at ¶ 7.
[11] Doc. 36-4, Weeks Dep. at 33, Ex. D; Doc. 36-2, Reeves Dep. at 43, 70, Ex. G; Doc. 36-1, Wilkins Dep. at 40-41, 53, Ex. 6.
[12] Doc. 36-3, Lorenzi Decl. at ¶ 7.
[13] *Id.* at ¶ 11.
[14] Doc. 36-1, Wilkins Dep. at 42-43.

Case No. 1:13-cv-00274
Gwin, J.

emotional distress; and 7) defamation.[15]

Best Buy filed a motion to dismiss the wrongful termination, intentional infliction of emotional distress, and defamation claims for failure to state a claim upon which relief can be granted.[16] Wilkins opposes the motion.[17]

Best Buy has now filed a motion for summary judgment on all counts.[18] It says that Plaintiff's claims either fail as a matter of law or are unsupported by the facts in the record.[19] Plaintiff Wilkins has not responded to the motion within the time limits set by the Court.[20]

## II. Legal Standard

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[21] The moving party must demonstrate that there is an absence of a genuine dispute as to a material fact entitling it to judgment.[22] Once the moving party has done so, the non-moving party must set forth specific facts in the record—not its allegations or denials in pleadings—showing a triable issue.[23] The existence of some doubt as to the material facts is insufficient to defeat a motion for summary judgment.[24] But the Court will view the facts and all reasonable inferences from those facts in favor

---

[15] Doc. 1-2.
[16] Doc. 9.
[17] Doc. 19.
[18] Doc. 36.
[19] Id.
[20] See Doc. 30 (requiring responses to dispositive motions by September 6).
[21] Daugherty v. Sajar Plastics, Inc., 544 F.3d 696, 702 (6th Cir. 2008).
[22] See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
[23] See Fed. R. Civ. P. 56(e); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).
[24] Matsushita, 575 U.S. at 586.

Case No. 1:13-cv-00274
Gwin, J.

of the non-moving party.[25]

However, where the non-moving party does not respond to a motion for summary judgment, the Court need not search the entire record, but instead may rely on the facts presented and designated by the moving party.[26]

### III. Discussion

Defendant Best Buy has moved for summary judgment on each of the counts in Plaintiff Wilkins' complaint. Best Buy has shown that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law.[27]

**A.  Wrongful Termination**

In order to bring a claim for wrongful termination, Plaintiff Wilkins must show the existence and manifestation of a clear public policy, that his dismissal jeopardizes this public policy, that the public policy motivated the conduct related to his dismissal, and that his employer lacked a legitimate business justification to terminate him.[28] Reviewing the record, the only public policies that might be apply in this case are the public policies against racial discrimination and unfairness.[29]

It is well established that "if existing law already provides remedies to vindicate the public policy at issue, a plaintiff may not maintain a common-law wrongful discharge claim."[30] Title VII

---

[25] *Thomas v. Cohen*, 453 F.3d 657, 600 (6th Cir. 2004).
[26] *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 404-05 (6th Cir. 1992).
[27] *See* Fed. R. Civ. P. 56(a).
[28] *Collins v. Rizkana*, 652 N.E.2d 653, 657-58 (Ohio 1995). A wrongful termination claim may also be based on a claim of breach of contract or promissory estoppel. *See, e.g.*, *Wright v. Honda of Am. Mfg., Inc.*, 653 N.E.2d 381, 384 (Ohio 1995). Because Wilkins also brings a breach of contract claim and a promissory estoppel claim, the Court interprets this claim for wrongful termination to be for a violation of public policy.
[29] *See* Doc. 1-2 at ¶¶ 15 (denying the allegation that he viewed pornography on Best Buy's computer), 18 (saying he never received information about the witnesses or the charges), 29-43 (claiming racial discrimination).
[30] *Grair v. Ohio Bell Telephone Co.*, No. 1:09-cv-01516, 2009 WL 2762359, at *2 (N.D. Ohio Aug. 28, 2009) (citing *Leninger v. Pioneer Nat'l Latex*, 875 N.E.2d 36, 42 (Ohio 2007)).

-4-

Case No. 1:13-cv-00274
Gwin, J.

and Chapter 4112 provide adequate remedies to protect the public policy against racial discrimination. Therefore, Wilkins may not bring a common-law claim of wrongful termination based on a violation of the public policy against racial discrimination. Moreover, claims of unfairness do not support a claim for wrongful termination in violation of public policy.[31] Accordingly, there is no genuine dispute as to a material fact, and Defendant Best Buy is entitled to judgment as a matter of law on Wilkins' wrongful termination claim.

**B.      Racial Discrimination**

Ohio law concerning racial discrimination follows the same tests as federal law under Title VII.[32] Accordingly, under the *McDonnell Douglas*[33] burden-shifting framework, a plaintiff must first show that 1) he belongs to a racial minority; 2) he suffered an adverse employment action; 3) he was qualified for the position; and 4) he was treated differently from similarly situated members of the unprotected class.[34] If the plaintiff proves the prima facie case, the burden shifts to the defendant to describe a non-discriminatory reason for the action.[35] If the defendant gives a non-discriminatory reason, the plaintiff has the burden of showing that the reason is pretextual.[36]

Here, Wilkins's complaint describes several times Best Buy promoted whites rather than

---

[31] *See Plona v. United Parcel Serv., Inc.*, 558 F.3d 478, 482 (6th Cir. 2009) (applying Ohio law) ("Plona's 'pretext' argument can be more accurately described as pertaining to the *fairness* of his termination. As an at-will employee, however, Plona was subject to termination for any legal reason, fair or unfair." (emphasis in original)).

[32] *See Plumbers & Steamfitters Joint Apprenticeship Comm. v. Ohio Civil Rights Comm'n*, 421 N.E.2d 128, 133 (Ohio 1981) ("In previous cases, however, we have determined that federal case law interpreting Title VII . . . is generally applicable to cases involving alleged violations of R.C. Chapter 4112.").

[33] *McDonnell Douglas v. Green*, 411 U.S. 792 (1973).

[34] *Chattman v. Toho Tenax Am., Inc.*, 686 F.3d 339, 347 (6th Cir. 2012) (quoting *Alexander v. Local 496, Laborers' Int'l Union*, 177 F.3d 394, 404-05 (6th Cir. 1999)).

[35] *Id.*

[36] *Id.*

-5-

Case No. 1:13-cv-00274
Gwin, J.

promoting Wilkins,[37] although the only evidence in the record before the Court is vague references to promotions and his ultimate termination.[38] With respect to the promotions, Plaintiff has not provided any evidence that he was qualified for the positions or that he was treated differently than members of the unprotected class. And with respect to the discharge for viewing pornography, Wilkins has not provided any evidence that a Caucasian male who viewed pornography—a similarly situated member of the unprotected class—was not discharged.[39] Therefore, he has not satisfied the requirements of the prima facie case of racial discrimination.

Even if the Court were to find that Plaintiff had satisfied the prima facie case for his termination, Best Buy describes a non-discriminatory reason for his termination: other employees accused him of viewing pornography on Best Buy's computers. Plaintiff cannot meet his final burden of showing that Best Buy's rationale is pretextual because the evidence in the record does not support a finding of pretext.[40] Best Buy relied on an outside human resources consultant that was unaware of Plaintiff's race in making the recommendation to fire him.[41] Wilkins cannot show that "the proffered reasons had no basis *in fact*," that "the proffered reasons did not *actually* motivate [the action,]" or that the reasons "were *insufficient* to motivate discharge."[42] Therefore, there is no genuine dispute as to a material fact on the racial discrimination count, and Best Buy is entitled to judgment as a matter of law.

---

[37] Doc. 1-2 at ¶¶ 31-39.
[38] Doc. 36-1, Wilkins Dep. at 67.
[39] *See id.* at 67-68; Doc. 36-3, Lorenzi Decl. at ¶ 13.
[40] *See Chattman*, 686 F.3d at 347 (quoting *Chen v. Dow Chem. Co.*, 580 F.3d 394, 400 (6th Cir. 2009)) ("[F]inally, the burden shifts back to the plaintiff to show pretext.").
[41] Doc. 36-3, Lorenzi Decl. at ¶¶ 7, 11.
[42] *Chattman*, 686 F.3d at 349 (emphasis in original).

Case No. 1:13-cv-00274
Gwin, J.

### C. Breach of Contract

Because an at-will employee cannot maintain an action for breach of contract,[43/] if Best Buy can show that there is no genuine dispute as to whether Wilkins was an at-will employee, it would be entitled to judgment as a matter of law on this count.[44/] The record before the Court shows that Wilkins signed three different documents stating that he was either an at-will employee or could be fired at any time.[45/] Plaintiff also admits that he was an employee-at-will.[46/] There is no genuine dispute as to a material fact on this claim, and Best Buy is entitled to judgment as a matter of law.

### D. Promissory Estoppel

In order to bring a claim for promissory estoppel, Wilkins must show that there was a clear and unambiguous promise that he reasonably and foreseeably relied on to his detriment.[47/] Best Buy has shown that there is no genuine dispute and Wilkins received no clear and unambiguous promise from Best Buy. Wilkins signed the three forms declaring himself an at-will employee and admits that fact never changed over the course of his employment.[48/] Because the record shows there is no dispute that Wilkins never received a clear and unambiguous promise about employment at Best Buy, Best Buy is entitled to judgment as a matter of law on the promissory estoppel claim.

### E. Hostile Work Environment

To prove a hostile working environment, Wilkins must show "conduct [that is] severe or

---

[43/] *See Painter v. Graley*, 639 N.E.2d 51, 55 (Ohio 1994) ("Traditionally, this doctrine allowed an employer to terminate the employment of his worker at will for any cause, at any time whatsoever, even if done in gross or reckless disregard of [an] employee's rights." (internal quotation marks omitted)).

[44/] *See DePrisco v. Delta Air Lines, Inc.*, 90 F. App'x 790, 796 (6th Cir. 2004) (applying Ohio law and affirming a grant of summary judgment to a defendant where record showed employee was an at-will employee).

[45/] *See* Doc. 36-1, Wilkins Dep. Exs. 1-3.

[46/] *Id.* at 27.

[47/] *Dunn v. Bruzzese*, 874 N.E.2d 1221, 1227 (Ohio Ct. App. 2007).

[48/] Doc. 36-1, Wilkins Dep. at 45, Exs. 1-3.

-7-

Case No. 1:13-cv-00274
Gwin, J.

pervasive enough to create an environment that a reasonable person would find hostile or abusive and the victim subjectively regard that environment as abusive."[49] Additionally, the employer must have "failed to take reasonable care to prevent and correct any harassing behavior."[50] In his deposition, Wilkins refers to "multiple times applying for a position and getting overlooked" and "comments being made."[51] However, he provides no evidence concerning his applications to other positions. Ant Best Buy fired the fellow employee who made the only racial comment in the record after Wilkins reported the comment.[52] On the record before the Court, a reasonable person would not find Plaintiff worked in a hostile environment. Best Buy is entitled to judgment as a matter of law on the hostile work environment claim.

**F.    Intentional Infliction of Emotional Distress**

To make out a claim for intentional infliction of emotional distress, a plaintiff must show he sustained serious mental or emotional distress caused by "outrageous and extreme conduct.".[53]

"[S]erious emotional distress" is defined as "an emotional injury that is both 'severe and debilitating to a reasonable person.'"[54] The record before the Court contains no evidence that Wilkins suffered any such "serious emotional distress." Wilkins did not see a doctor or mental health professional.[55] At summary judgment, "a plaintiff in a case for intentional infliction of emotion distress must present some evidence beyond the plaintiff's own testimony that he or she has

---

[49]/*Bowman v. Shawnee State Univ.*, 220 F.3d 456, 463 (6th Cir. 2000). Although *Bowman* is a gender discrimination case, "[h]ostile work environment claims based on racial harassment are reviewed under the same standard as those based on sexual harassment." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 116 n.10 (2002).
[50]/*Russell v. Univ. of Toledo*, 537 F.3d 596, 608 (6th Cir. 2008).
[51]/Doc. 36-1, Wilkins Dep. at 61.
[52]/*Id.* at 61-64; Doc. 36-3, Lorenzi Decl. at ¶ 3.
[53]/*Risch v. Friendly's Ice Cream Corp.*, 736 N.E.2d 30, 34 (Ohio Ct. App. 1999) (quoting *Ekunsumi v. Cincinnati Restoration, Inc.*, 698 N.E.2d 503, 506 (Ohio Ct. App. 1997)).
[54]/*Id.* (quoting *Meyers v. Hot Bagels Factory, Inc.*, 721 N.E.2d 1068, 1076 (Ohio Ct. App. 1999)).
[55]/Doc. 36-1, Wilkins Dep. at 13

-8-

Case No. 1:13-cv-00274
Gwin, J.

experienced emotional distress due to the defendant's actions."[56] Wilkins does not.

Moreover, liability for intentional infliction of emotional distress is normally found "only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."[57] "[A]n employee's termination, even if based upon discrimination, does not rise to the level of 'extreme and outrageous' conduct without proof of something more."[58] Wilkins provides nothing beyond his discharge to constitute extreme and outrageous conduct.

Accordingly, Best Buy has shown there is no genuine dispute as to a material fact and that it is entitled to judgment as a matter of law on the intentional infliction of emotional distress claim.

**G.    Defamation**

The statute of limitations for a defamation action in the state of Ohio is one year.[59] This statutory period "begins to run on the date the defamatory remarks are spoken or published."[60] Plaintiff Wilkins filed his complaint in state court on December 19, 2012.[61] The record contains no evidence that Defendant Best Buy made any comments about Wilkins after his employment ended on January 5, 2011.[62] Accordingly, the record before the Court shows that Wilkins did not bring his lawsuit within one year of the publication any potentially defamatory statements, and Best Buy is entitled to judgment as a matter of law because the statute of limitations has lapsed.

---

[56] *Buckman-Peirson v. Brannon*, 822 N.E.2d 830, 840 (Ohio Ct. App. 2004).
[57] *Yaeger v. Local Union 20, Teamsters, Chauffeurs, Warehousemen, & Helpers of Am.*, 453 N.E.2d 666, 671 (Ohio 1983) (quoting Restatement (Second) of Torts § 46 cmt. d (1965)), *abrogated on other grounds by Welling v. Weinfeld*, 866 N.E.2d 1051 (Ohio 2007).
[58] *Godfredson v. Hess & Clark, Inc.*, 173 F.3d 365, 376 (6th Cir. 1999).
[59] Ohio Rev. Code § 2305.11(A).
[60] *Slough v. Telb*, 644 F. Supp. 2d 978, 996 (N.D. Ohio 2009).
[61] Doc. 1-2.
[62] *See* Doc. 36-1, Wilkins Dep. at 42-43 (admitting Plaintiff is unaware of any defamatory remarks made about him after he was terminated).

Case No. 1:13-cv-00274
Gwin, J.

Best Buy has shown that there is an absence of any genuine dispute as to a material fact on each of Wilkins claims, and that it is entitled to summary judgment.

### IV. John/Jane Doe Defendants

Wilkins has also sued two unnamed, unknown defendants for hostile work environment, intentional infliction of emotional distress, and defamation.[63] After months of discovery, Wilkins has not moved to amend his complaint to name them. Additionally, a review of this Court's docket and the state court docket[64] reveals that they have not been served with process. Because more than 120 days have elapsed since the complaint was filed, the claims against the unnamed defendants are dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

### V. Conclusion

For the reasons above, the Court **GRANTS** Best Buy's motion for summary judgment.[65] The Court **DISMISSES WITH PREJUDICE** Plaintiff's claims against Best Buy. The Court **DENIES AS MOOT** Best Buy's motion to dismiss.[66] The Court also **DISMISSES WITHOUT PREJUDICE** the John/Jane Doe defendants for failure to serve process. This case is **DISMISSED**.

IT IS SO ORDERED

Dated: September 12, 2013         s/ *James S. Gwin*
                                  JAMES S. GWIN
                                  UNITED STATES DISTRICT JUDGE

---

[63] Doc. 1-2.
[64] Available at https://phoenix.lakecountyohio.gov/pa/pa_cp.urd/pamw2000.docket_lst?11338563.
[65] Doc. 36.
[66] Doc. 9.