UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------
:
ROOSEVELT DUANE WILKINS, : CASE NO. 1:13-CV-00274
:
       Plaintiff, :
:
 v. : OPINION & ORDER
: [Resolving Docs. 40, 41]
BEST BUY CO., INC., *et al.*, :
:
       Defendants. :
:
------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Roosevelt Duane Wilkins moves this Court to reconsider its September 12, 2013, Opinion and Order. In that order, the Court granted Defendant Best Buy's motion for summary judgment and dismissed Wilkins's claims against Best Buy. The Court entered judgment in Best Buy's favor.[1] For the reasons that follow, the Court **DENIES** Plaintiff's motions for reconsideration and to set aside the judgment.

**I. Factual and Procedural Background**

Plaintiff Wilkins worked for more than seven years at Defendant Best Buy Co., Inc.[2] Best Buy fired him for allegedly looking at pornography while at work on Best Buy's equipment.[3] Two employees say they saw Wilkins viewing pornography on a computer in the store.[4] Wilkins denies having looked at pornography on the Best Buy computer.[5] Best Buy terminated Plaintiff following

---

[1] Doc. 38.
[2] Doc. 36-1, Wilkins Dep. at 14.
[3] Doc. 36-3, Lorenzi Decl. at ¶ 11.
[4] Doc. 36-4, Weeks Dep. at 45; Doc. 36-2, Reeves Dep. at 44-46.
[5] Doc. 36-1, Wilkins Dep.

Case No. 1:13-cv-00274
Gwin, J.

a review of the incident and subsequent recommendation by a third-party human resources group.[6/] Wilkins sued Best Buy claiming (1) wrongful termination in violation of public policy, (2) racial discrimination, (3) breach of contract, (4) promissory estoppel, (5) hostile work environment, (6) intentional infliction of emotional distress, and (7) defamation.[7/]

Defendant Best Buy filed a motion for summary judgment on August 23, 2013.[8/] Plaintiff Wilkins did not file any response to this motion.[9/] On September 12, 2013, the Court granted Best Buy's motion for summary judgment and dismissed each of Wilkins' claims against Defendant.[10/] On September 15, 2013, Plaintiff then filed a motion for relief from judgment and order.[11/] The Court ordered Plaintiff to file a motion for reconsideration presenting the evidence Plaintiff would have used to oppose Best Buy's motion for summary judgment.[12/] On September 30, 2013, Plaintiff Wilkins filed a motion for reconsideration as to claims one, two, three, four, and seven.[13/]

Wilkins says that the Court should reconsider its grant of summary judgment on his claims because he only failed to respond because of Defendant's "continued failure to produce timely discovery."[14/] Plaintiff also says that genuine issues of material fact exist precluding summary judgment on each of the above-mentioned claims.[15/] Defendant Best Buy opposes the motion.[16/] Defendant says that Wilkins cannot show mistake, inadvertence or excusable neglect and that

---

[6/] Doc. 36-3, Lorenzi Decl. at ¶¶ 7-11.
[7/] Doc. 1-2.
[8/] Doc. 36.
[9/] *See* Doc. 30 (requiring responses to dispositive motions by September 6).
[10/] Doc. 38.
[11/] Doc. 40.
[12/] Order 452, September 16, 2013.
[13/] Doc. 41.
[14/] *Id*. at 1.
[15/] *Id*.
[16/] Doc. 42.

Case No. 1:13-cv-00274
Gwin, J.

Plaintiff has not shown that he has a meritorious defense to its motion for summary judgment.[17]

## II. Legal Standard

To be eligible for relief under Federal Rule of Civil Procedure 60(b)(1), a movant must "demonstrate that he has a meritorious claim or defense, in addition to showing the existence of mistake, inadvertence, surprise, or excusable neglect."[18] The Court may grant a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) "if there is a clear error of law, newly discovered evidence, an intervening change in controlling law or to prevent manifest injustice."[19]

To show he has a meritorious claim, Wilkins must show this Court should not have granted Defendant's motion for summary judgment. Under Federal Rule of Civil Procedure 56(a), summary judgment is proper "if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[20] The moving party bears the initial burden to show the absence of a genuine dispute of material fact.[21] This burden is met by showing the Court that there is an absence of evidence on a material fact on which the nonmoving party has the ultimate burden of proof at trial.[22] The burden then shifts to the nonmoving party to "come forward with some probative evidence to support its claim."[23] It is not sufficient for the nonmoving party merely to show that there is some existence of doubt as to the material facts.[24]

In deciding a motion for summary judgment, the Court "considers the facts in the light most

---

[17] *Id.*

[18] *Mayhew v. Gusto Records, Inc.*, 69 F. App'x 681, 682 (6th Cir. 2003) (citing *Marshall v. Monroe & Sons, Inc.*, 615 F.2d 1156, 1160 (6th Cir. 1980)).

[19] *Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted).

[20] Fed. R. Civ. P. 56(a).

[21] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[22] *Id*. at 325.

[23] *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

[24] *See Matsuhita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

Case No. 1:13-cv-00274
Gwin, J.

favorable to the nonmoving party and draws all reasonable inferences in favor on the nonmoving party."[25]

### III. Analysis

Plaintiff challenges the Court's grant of summary judgment on counts one, two, three, four, and seven. Wilkins's motion for reconsideration fails: he cannot show he has a meritorious claim entitling him to relief because he cannot show a genuine issue of material fact that requires a trial on any of his claims.

**A.  Wrongful Discharge in Violation of Public Policy**

The Court granted summary judgment for Wilkins' wrongful discharge claim because Title VII and Ohio Revised Code §§ 4112.02 and 4112.99 provide adequate statutory remedies to protect the public policy against racial discrimination.[26] Furthermore, claims of unfairness do not support a wrongful termination claim based on public policy.[27] In arguing that he can show a claim for violation of public policy, Plaintiff Wilkins says that an independent cause of action exists despite the statutory remedies provided by Title VII and Ohio Revised Code §§ 4112.02 and 4112.99.[28] This is wrong. This Court has held that Title VII and Ohio Revised Code §§ 4112.02 and 4112.99 "provide[] remedies to vindicate the public policy at issue."[29] Because the existence of statutory schemes to vindicate the public policy against racial discrimination precludes a common-law

---

[25] *LensCrafters, Inc. v. Robinson*, 403 F.3d 798, 802 (6th Cir. 2005).
[26] Doc. 38 at 4-5.
[27] *Id.*
[28] Doc. 41 at 8-9.
[29] *Grair v. Ohio Bell Telephone Co.*, No. 1:09-cv-01516, 2009 WL 2762359, at *2 (N.D. Ohio Aug. 28, 2009) (citing *Leninger v. Pioneer Nat'l Latex*, 875 N.E.2d 36, 42 (Ohio 2007)). Plaintiff's reliance on *Bukta v. J.C. Penney Co.*, 359 F. Supp. 2d 649 (N.D. Ohio 2004), is misplaced; the Sixth Circuit abrogated its reasoning in *Carrasco v. NOAMTC Inc.*, 124 F. App'x 297, 304 (6th Cir. 2004).

-4-

Case No. 1:13-cv-00274
Gwin, J.

wrongful termination claim,[30] Wilkins may not bring a common-law claim for wrongful termination in violation of public policy. Plaintiff Wilkins presents no additional evidence to create a genuine issue of material fact with regard to his public policy claim.[31] Accordingly, summary judgment for this claim was proper.

**B.      Racial Discrimination**

Two reasons supported the Court's grant of summary judgment on Plaintiff Wilkins' racial discrimination claim. First, Plaintiff did not satisfy the requirements for a prima facie showing of racial discrimination, and second, Defendant Best Buy described a non-discriminatory reason for terminating Plaintiff Wilkins that Wilkins cannot prove is pretextual.[32]

In his motion for reconsideration, Plaintiff says that he "established sufficient evidence from which a jury could reasonably reject Defendant's purported explanation and infer that Defendant intentionally discriminated against him."[33] More specifically, Wilkins says that Best Buy cannot satisfy its burden of producing a legitimate, non-discriminatory reason for the adverse employment action taken against Plaintiff.[34] Therefore, Plaintiff Wilkins says, Defendant Best Buy "did not make a reasonably informed and considered decision before taking an adverse action against the Plaintiff."[35]

Plaintiff Wilkins points to the fact that one of the witnesses to the incidents, Cierra Reeves, initially told her managers that she had not seen Wilkins viewing pornography and initially wrote

---

[30] *See Grair*, 2009 WL 2762359 at *2.

[31] *See generally* Doc. 41 (Plaintiff Wilkins offers no additional evidence in relation to his wrongful termination claim).

[32] Doc. 38 at 5-6.

[33] Doc. 41 at 11-12.

[34] *Id.* at 12.

[35] *Id*.

Case No. 1:13-cv-00274
Gwin, J.

a statement to that effect.[36] The manager threw the statement in the garbage and demanded a statement of what Reeves actually saw by the end of the day.[37] Reeves then submitted a written statement stating that she saw Wilkins viewing pornography.[38]

Wilkins also offers two expert reports. Plaintiff produced a declaration from a human resources expert saying that Defendant Best Buy "failed to exercise due care, due diligence and otherwise neglected to perform a complete good faith investigation into the allegations of pornography viewing that formed the basis for Mr. Wilkins' termination from Best Buy."[39] Plaintiff also produced a report from a forensic computer expert stating that there is no evidence of pornography on the Best Buy computer.[40]

Despite this evidence, Plaintiff's racial discrimination claim fails. Wilkins does not establish a prima facie case for racial discrimination because he does not identify any Caucasian employee who continued to work at Best Buy after supported accusations of viewing pornography at work.[41] Because he does not identify any such person, he cannot show that he was treated differently than a similarly situated employee.[42]

Even assuming Wilkins makes a prima facie showing of racial discrimination, he cannot show that Defendant Best Buy's reason for firing him was pretextual. Plaintiff Wilkins does not

---

[36] Doc. 41-5, Reeves Dep. at 3-4.
[37] *Id.*
[38] *Id.*; *see* Doc. 36-3 at 38 (written statement from other witness).
[39] *See* Doc. 41-9.
[40] *See* Doc. 41-8.
[41] *See id.* (Plaintiff presents no additional evidence to suggest that a similarly situated Caucasian employee continued employment after being accused of viewing pornography at Best Buy).
[42] *See Chattman v. Toho Tenax Am., Inc.*, 686 F.3d 339, 347 (6th Cir. 2012) (quoting *Alexander v. Local 496, Laborers' Int'l Union*, 177 F.3d 394, 404-05 (6th Cir. 1999)) ("he or she was *treated differently from* similarly situated members of the unprotected class" (emphasis added)).

Case No. 1:13-cv-00274
Gwin, J.

offer evidence to show pretext on the part of Defendant Best Buy.[43/] Reeves has been consistent in her testimony that she saw Wilkins viewing pornography on a Best Buy computer.[44/] Her testimony is corroborated by that of the second eyewitness, Jennifer Weeks, who also submitted a written statement about what she saw.[45/] The two witnesses also both stated that they spoke to each other before speaking to management about the alleged incidents involving Wilkins.[46/] Best Buy and the third-party human resources group could reasonably rely on this information to justify firing Wilkins, even if both women's statements were untrue. We look to whether Best Buy based its decision on an impermissible motive, not whether Best Buy made the proper decision.

And the expert reports submitted by Wilkins do not create a genuine issue as to the non-discriminatory reason for termination offered by Best Buy. The conclusory declaration of the purported human resources expert—who did not submit a report and was not timely identified—is not sufficient to defeat summary judgment.[47/] The computer forensic report shows nothing other than the fact that one particular expert was unable to find evidence of pornography on the computer after more than a year and after a reimaging of the hard drive.[48/] This finding is also not relevant to Best Buy's justification for terminating Wilkins because it terminated Plaintiff based on accounts of two eyewitnesses.[49/] That Defendant might have been negligent in its investigation or did not search the computer does not show a discriminatory motive for firing Plaintiff Wilkins. Accordingly, Plaintiff

---

[43/] *See* Doc. 41-8, Doc. 41-9, Doc. 36-3 (Declaration of James Lorenzi which describes in detail the human resources review process conducted by Defendant Best Buy following the alleged incident).
[44/] *See* Doc. 36-2, Reeves Dep.
[45/] *See* Doc. 36-4, Weeks Dep., Doc. 41-4.
[46/] Doc. 36-2, Reeves Dep. at 45-46.
[47/] *See* Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters related.")
[48/] Doc. 41-8.
[49/] Doc. 36-3, Lorenzi Decl. at ¶ 11.

Case No. 1:13-cv-00274
Gwin, J.

Wilkins's motion for reconsideration as to his claim of racial discrimination is denied.

**C.  Breach of Contract**

The Court granted summary judgment for Plaintiff's breach of contract claim because there is no genuine dispute as to whether Wilkins was an at-will employee.[50] Plaintiff Wilkins says that summary judgment should not be granted because his at-will employment agreement may have been altered by an implied contract.[51] Plaintiff does not present any evidence to suggest the existence of an implied contract with Defendant or to suggest that he was not an at-will employee during his time at Best Buy.[52] Accordingly, summary judgment for this claim was proper.

**D.  Promissory Estoppel**

The Court granted summary judgment on Plaintiff Wilkins's promissory estoppel claim because there is no dispute that Wilkins never received a clear and unambiguous promise about employment at Best Buy.[53] Plaintiff says that the Court should reconsider summary judgment because "the reasonableness of a party's reliance is a question of fact, appropriate for jury and inappropriate for summary judgment."[54] This argument loses. The legal standard regarding reasonableness of reliance is irrelevant because it is undisputed that there was no promise upon which Wilkins could rely. Plaintiff presents no evidence to create a genuine issue of material fact as to any promises made by Best Buy.[55] Accordingly, summary judgment for this claim was proper.

---

[50] Doc. 38 at 7.
[51] Doc. 41 at 13-14.
[52] *See id.* (Plaintiff offers no additional evidence relating to his breach of contract claim).
[53] Doc. 38, at 7.
[54] Doc. 41 at 14.
[55] *See id.* (Plaintiff offers no additional evidence relating to his promissory estoppel claim).

-8-

Case No. 1:13-cv-00274
Gwin, J.

### E. Defamation

The Court granted summary judgment for Plaintiff's defamation claim because it found that Wilkins did not bring his lawsuit within one year of the publication of any potentially defamatory statements.[56] Plaintiff says that summary judgment is improper because "Defendant's application of the one year statute of limitations set forth in the Ohio Revised Code is without merit."[57] Plaintiff does not present any additional evidence to suggest that any defamatory statements were made within one year before the filing of his claim.[58] Accordingly, there is no genuine issue of material fact with regard to Wilkins's defamation claim. Summary judgment for this claim was proper.

## IV. Conclusion

For the reasons above, the Court **DENIES** Plaintiff's motions for reconsideration and to set aside the judgment.

IT IS SO ORDERED

Dated: October 21, 2013                             s/     *James S. Gwin*
                                                                  JAMES S. GWIN
                                                                  UNITED STATES DISTRICT JUDGE

---

[56] Doc. 38 at 9-10.
[57] Doc. 41 at 15-16.
[58] *Id.* Instead, Plaintiff discusses timing principles related to the filing of a charge of discrimination with the Equal Opportunity Commission, not a defamation claim. *Id.*

-9-